UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDMOND PITTS, II,

    Plaintiff,

v.                                     Case No. 20-CV-975

MILWAUKEE SECURE DETENTION FACILITY
CORRECTIONAL AND MEDICAL STAFF,

    Defendants.

## SCREENING ORDER

Plaintiff Edmond Pitts, II, an inmate confined at the Dodge Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants allowed him to remain in a cell with an inmate who suffered a seizure and injured Pitts's back. In the August 28, 2020 screening order, I found that the complaint failed to state a claim and provided Pitts with an opportunity to file an amended complaint. Pitts has filed an amended complaint, which I will screen under 28 U.S.C. § 1915A.

The court has jurisdiction to screen the amended complaint in light of Pitts's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

*1. Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing

*Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2. *Application to This Case*

Pitts alleges that on November 12 and 13, 2019, when he was confined at the Milwaukee Secure Detention Facility, he reported to correctional and health staff that his cellmate was having seizures. On November 15, 2019, his cellmate had another seizure and rammed into Pitts which caused Pitts to injure his lower back. Pitts states that HSM (health services manager) Longrie-Pleester negligently performed her job because she did not have Pitts's cellmate placed on "lower-bunk/lower-tier" before the cellmate injured Pitts. Pitts seeks compensatory damages for pain and suffering and for emotional distress.

To proceed on an Eighth Amendment failure to protect claim, Pitts must allege that he was "incarcerated under conditions posing a substantial risk of serious harm," and that the defendants knew of this risk but failed to "take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994); *see also Haywood v. Hathaway*, 842 F.3d 1026, 1031 (7th Cir. 2016). A substantial risk of serious harm is one in which the risk is "so great" that it is "almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). "[T]he conditions presenting the risk must be 'sure or very likely to cause . . . needless suffering,' and give rise to 'sufficiently imminent dangers.'" *Wilson v. Ryker*, 451 F. App'x 588, 589

3

(7th Cir. 2011) (quoting *Baze v. Rees*, 553 U.S. 35, 50 (2008) (Roberts, C.J., plurality opinion)); *see also Helling v. McKinney*, 509 U.S. 25, 33, 34-35 (1993). The threat of harm from other inmates may impose a substantial risk of serious harm. *See, e.g., Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015); *Brown*, 398 F.3d at 909. Officials may be liable for failing to protect an inmate if they know that the inmate faced a specific threat of harm. *See, e.g., Gevas*, 798 F.3d at 480-81; *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008).

Pitts has not alleged that his placement in a cell with an inmate who suffered seizures amounted to placement under conditions posing a substantial risk of serious harm. Pitts has also not alleged that any prison official knew that he faced a specific threat of harm from his cellmate. At most, Pitts alleges that HSM Longrie-Pleester negligently failed to perform her job. However, conduct that amounts to negligence or inadvertence is not enough to state a failure to protect claim. *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

**THEREFORE, IT IS ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim under federal law.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 8th day of October, 2020.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

5

Case 2:20-cv-00975-NJ    Filed 10/08/20    Page 5 of 5    Document 11